IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff/<br>          Respondent,<br><br>     vs.<br><br>MARTIN MURILLO-ORTEGA,<br><br>          Defendant/<br>          Petitioner, | No. CR-F-98-5259 OWW<br><br>ORDER DENYING WITHOUT<br>PREJUDICE PETITIONER'S<br>MOTION TO ORDER THE CLERK OF<br>THE COURT TO PROVIDE<br>DOCUMENTS |

On May 20, 2009, Martin Murillo-Ortega, proceeding *in pro per*, "Motion Requesting the Court to Order the Clerk to Provide Movant with Requested Documents in Order to File a Successive Habeas Petition and Meet the Threshold Requirements Mandated by AEDPA."[1]  By this motion, Petitioner seeks production at Government expense of:

---

[1] Although Petitioner purports to be *in pro per*, an identical motion was filed by Jesus Andrade in *United States v. Jesus Andrade,* No. CR-F-03-5363 OWW, on May 14, 2009.

1

        1.   Complaint and Affidavit with Assessment and Proof of Claim;

        2.   Indictment and any superseding indictment(s) with Affidavit;

        3.   Arrest Warrant with Affidavit;

        4.   Search Warrant with Affidavit;

        5.   Seizure Warrant with Affidavit;

        6.   Transcripts of Grand Jury Proceedings;

        7.   Grand Jury Concurrancy Form;

        8.   Trial Transcripts;

        9.   Sentencing Transcripts;

        10.  Judgment and Commitment;

        11.  Direct Appeal and Decision Order;

        12.  28 U.S.C. § 2255 proceedings;

        13.  Statement of Jurisdiction of this Court.

Petitioner's motion is accompanied by his application to proceed *in forma pauperis*.

    Petitioner, represented by Thomas Alan Stanley, pleaded guilty pursuant to a written Plea Agreement.  Petitioner was sentenced on October 12, 1999 to 235 months incarceration and a 60 month term of supervised release.

    Petitioner, still represented by Thomas Alan Stanley, filed a Notice of Appeal to the Ninth Circuit, which was docketed in the Ninth Circuit on March 10, 2000 and assigned Case No. 00-10101.[2] Mr. Stanley failed to file an opening brief after being

---

[2] The Court may take judicial notice of matters of public record, including duly recorded documents, and court records

given two extensions of time to do so.  On October 5, 2000, the Ninth Circuit filed a default order for failure to prosecute and ordered Mr. Stanley to respond within 14 days.  The January 19, 2001 docket entry states:

> Filed Order (Appellate Commissioner) Aplt's opening brief was due July 28, 00.  On Oct. 5, 00 and again on Nov. 27, 00, the ct ordered aplt's retained counsel, Tom A. Stanley, Esq., to correct this deficiency within 14 days and file a motion for relief from default.  To date, counsel has not complied with the ct's order.  Within 14 days of this order, Tom A. Stanley Esq., shall show cause in writin [sic] why he should not be sanctioned in an amount not less that $500 for failing to comply with this court's rules and orders.  Failure to file a timely response or provide an adequate explanation may result in the imposition of sanctions without further notice.  Aplt is informed that retained counsel has failed to prosecute this appeal.  (cite) [sic] Within 28 days of this order, aplt shall: (1) retain new counsel who shall file a notice of appearance; or (2) file a motion for appt of counsel at govt expense based upon a completed financial affidavit (CJA Form 23); or (3) inform the court in writin [sic] of aplt's clear and unequivocal intention to seek self-representation on appeal.  Failure to comply with this order may result in imposition of monetary and other sanctions on counsel.  A new briefing schedule shall be established upon compliance with this order.  The Clerk shall serve this order by certified mail (return receipt requested) on counsel Stanley.  The Clerk also shall serve this order on aplt individually at Reg. No. 58484-097, FCI Terminal Island, 1299 Seaside Avenue, Reservation Pt., Terminal Island, CA 90731-0207. (P196-169-886)(MoAtt) [00-10101] (AF)

---

available to the public through the PACER system via the internet. *See* Fed. R. Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

The January 22, 2000 docket entry states: "Return receipt received P 196 169 886 Cert. no. (JC)." The March 27, 2001 docket entry states:

> Filed order (Appellate Commissioner) ... to date, appellant has not complied with the court's order. Appellant shall have one final opportunity to prosecute this appeal. Within 28 days of this order, appellant shall (1) retain new counsel; or (2) file a motion for appointment of new counsel; or (3) inform the court in writing of appellant's clear intention to seek self-representation on appeal. Failure to comply with this order within the time allowed may result in dismissal of this appeal ... This order and a CJA Form 23 shall be served on appellant individually by certified mail (7000 0520 0024 4796 4097) @ Reg. no. 57841-097, FCI Terminal Island, 1299 Seaside Avenue, Reservation Point, Terminal Island, CA 90731-0207. (MoAtt) [00-10101] (DL)

The April 9, 2001 docket entry states: "Return receipt received 7000 0520 0024 4796 4097 Cert. no. (DC)." The April 13, 2001 docket entry states:

> Filed order (William C. CANBY, Alex KOZINSKI, Pamela A. RYMER) Thomas Stanley, Esq. sanctioned and disbarred on 4/13/01 in No. 0180026. [00-10101] (RR)

The August 17, 2001 docket entry states:

> Order filed, on Jan. 19, 2001 and again on March 27, 2001 the ct informed aplt that retained counsel has failed to prosecute this appeal and ordered aplt to (1) retain new counsel; (2) file a motion for appt of new counsel; or (3) inform the ct in writing of aplt's clear intention to seek self-representation on appeal. To date, aplt has not complied with the ct's order. Accordingly, this appeal is DISMISSED for failure to prosecute. The Clerk shall served by certified mail (return receipt requested) a copy of this order on counsel at Tom A.

4

          **Stanley, Esq., 5525 Oakdale Ave, Woodland Hills, CA 91364 and aplt individually at Reg. No. 58484-097, Taft Community Correctional Facility, 330 Commerce Way, Taft, CA 93268. DISMISSED (Procedurally Terminated After Other Judicial Action; F.R.A.P. 42.  Michael D. HAWKINS, A.W. TASHIMA, Ronald GOULD [00-10101] (AF)**

**The August 17, 2001 docket entry states:**

          **Sent certified mail (7000-0520-0024-4796-8644) to Tom Stanley, Esq. and sent certified mail (7000-0520-0024-4796-8811) to Martin Murillo-Ortega. [00-10101] (AF)**

**The August 27, 2001 docket entry states: "Return receipt received 7000-0520-0024-4796 Cert. no. (JC)."  The mandate issued on September 10, 2001.  The June 27, 2005 docket entry states: "Sent copy of general docket to appellant per request."  On July 14, 2005, Appellant Martin Murillo-Ortega filed a motion to reinstate the appeal.  By Order filed on September 19, 2007, the Ninth Circuit construed Appellant's motion reinstate his appeal as a motion to recall the mandate and to reinstate the appeal and denied the motion.**

    **On December 15, 2005, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, on the ground that, because of Mr. Stanley's failure to prosecute the appeal, Petitioner was unable to raise issues pertaining to his prior convictions and criminal history score during sentencing.  By Memorandum Decision and Order filed on February 19, 2009, Petitioner's Section 2255 motion was denied on the grounds that it was untimely and Petitioner was not entitled to equitable tolling.  Judgment for Respondent was entered on**

February 19, 2009.  Petitioner filed a notice of appeal from the denial of the Section 2255 motion on March 5, 2009.  On March 12, 2009, the Court declined to issue a Certificate of Appealability. Petitioner's appeal of the denial of his Section 2255 motion is pending.

Petitioner asserts that he "intends to move the court pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10(c), and § 4A1.1 and 2, Seeking a Modification or Reduction of Sentence based upon the Retroactive Guideline Amendment, concerning certain criminal History Rules that have the Effect of Lowering Guideline Range and Term of Imprisonment and United States v. Armstead, 552 F.3d 769 (9th Cir.2009)."

Section 3882(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
>
> ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10(c) sets forth those amendments to the Sentencing Guidelines which are to be applied retroactively to reduce a sentence previously imposed.

6

1    Although Petitioner does not specify the amendment upon
2 which he intends to rely, the only amendment to U.S.S.G. §
3 4A1.1, pertaining to criminal history category, and U.S.S.G.
4 §4A1.2, pertaining to definitions and instructions for computing
5 criminal history, subsequent to Petitioner's sentencing was in
6 2007 by Amendment 709.  Amendment 709 is not listed as a covered
7 amendment in U.S.S.G. § 1B1.10(c).  The Ninth Circuit has held
8 that Amendment 709 is not applied retroactively.  *United States*
9 *v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir.), *cert. denied*, ___
10 U.S. ___, 129 S.Ct. 427 (2008).

11    Petitioner further contends that he intends "to move the
12 Court pursuant to Carrington v. United States, 503 F.3d 888, 890
13 n.2 (9th Cir.2007) to attack the judgment that may have been
14 correct when rendered, but that later became incorrect because
15 circumstances that arose after the judgment was issued.  28
16 U.S.C. § 1651."

17    Petitioner's citations to *Carrington* and the All Writs Act
18 indicate that he intends to file a petition for a writ of *audita*
19 *querela*.  A writ of *audita querela* is not an available remedy
20 where the claims raised would be cognizable in a Section 2255
21 motion.  *Carrington*, *supra*, citing *United States v. Valdez-*
22 *Pacheco*, 237 F.3d 1077, 1080 (9th Cir.2001).  Common law writs
23 such as *audita querela* and *coram nobis* survive "'only to the
24 extent that they fill "gaps" in the current system of
25 postconviction relief.'" *Id.*

26    Petitioner's motion notes that Rule 60(b)(6), Federal Rules

7

1  of Civil Procedure, applies to habeas cases, *Gonzalez v. Crosby*,
2  545 U.S. 524 (2005), and contends that "preparing and litigating
3  post-conviction claims sometimes require extensive factual
4  investigation, statistical analysis and therefore a movant can
5  request the Court and it is an abuse of discretion for the Court
6  to deny such a relief when the movant has made a showing of the
7  need, whether or not the government objects."  Petitioner relies
8  on *Louchar v. Thomas*, 517 U.S. 314, 326 (1996).
9      *Louchar* does not support Petitioner's motion.  Petitioner
10 has not filed a motion pursuant to Rule 60(b) for relief from the
11 judgment denying his Section 2255 motion.
12     28 U.S.C. § 753(f) provides:

> Fees for transcripts furnished in proceedings
> brought under section 2255 of this title to
> persons permitted to sue or appeal in forma
> pauperis shall be paid by the United States
> out of money appropriated for that purpose if
> the trial judge or a circuit judge certifies
> that the suit or appeal is not frivolous and
> that the transcript is needed to decide the
> issue presented by the suit or appeal.

18 However, Petitioner is not entitled to copies of transcripts or
19 other court records at Government expense until he actually
20 brings a post-conviction motion.  *See United States v. Lucatero*,
21 2007 WL 1747077 (E.D.Cal.2007); *United States v. Soto-Valdez*,
22 2009 WL 1311954 (D.Ariz.2009).
23     Finally, Petitioner refers to the requirements for a Court
24 of Appeal to authorize the filing of a second or successive
25 Section 2255 motion.  *See* 28 U.S.C. § 2244.  Specifically,
26 Petitioner refers to Section 2244(b)(3)(C), which permits the

1  Court of Appeal to authorize the filing of a second or successive
2  application "only if it determines that the application makes a
3  prima facie showing that the application satisfies the
4  requirements of this subsection."  Acknowledging that Section
5  2244(b) imposes a "gatekeeper" requirement on the Court of
6  Appeal, Petitioner asserts that the "gatekeeper" requirement

> strongly suggest[s] that the circuit court's
> review at this stage should not resolve the
> question whether the petition actually
> satisfies the new successive petition
> standard or whether some affirmative defense
> to relief exists but only whether there is
> some reasonable likelihood that the
> petitioner - perhaps aided by an evidentiary
> hearing of a sort or other fact development
> procedure that only the district court can
> conduct - will thereafter be able to satisfy
> the new successive petition standard.

Again, Petitioner has not filed an application to the Ninth Circuit for authorization to file a second or successive Section 2255 motion.  As ruled above, Petitioner is not entitled to transcripts or court documents at government expense in advance of a post-conviction motion.

For the reasons stated:

1.  Petitioner Martin Murillo-Ortega's "Motion Requesting the Court to Order the Clerk to Provide Movant with Requested Documents in Order to File a Successive Habeas Petition and Meet the Threshold Requirements Mandated by AEDPA" is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   June 1, 2009                    /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE